UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| MELANIE A. KEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| MOBLE LINK (N.C.), LLC a/k/a | ) |
| MOBILELINK NORTH CAROLINA | ) |
| LLC, | ) |
| | ) |
|     Defendant. | ) |
| | / |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Melanie A. Key ("Plaintiff") and files her Complaint against Defendant, Mobile Link (N.C.) LLC a/k/a Mobilelink North Carolina, LLC ("Defendant") and in support she states the following:

**JURISDICTION**

1. This Court has original subject matter jurisdiction of this case under 28 U.S.C §§1331 and 1341 and 42 U.S.C. §2000e-5, inasmuch as the matters in in controversy are brought pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C §§ 2601 *et seq*. as amended by the Families First Coronavirus Response Act ("FFCRA") Pub.L. No. 116-127, 134 Stat. 178 (2020).

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the district.

1

## THE PARTIES

3. Plaintiff is a citizen of the United States, and was at all times material, a resident of the state of North Carolina.

4. Defendant is a foreign limited liability company with its principal office in Sugar Land, Texas.

5. Defendant does business and Plaintiff worked for Defendant in Burlington, North Carolina in this District.

## FACTUAL ALLEGATIONS

6. On March 18, 2020, President Trump signed into law the Families First Coronavirus Response Act ("FFCRA") which was intended to address the immediate needs Americans faced including the need to care for children whose schools and daycares were forced to close due to the Coronavirus and the need to avoid at all costs spreading the Coronavirus. The FFCRA included the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and the Emergency Paid Sick Leave Act ("EPSLA"), which amend the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*.

7. The EPSLA and EFMLEA were two new emergency paid leave requirements passed by Congress and signed by the President under the circumstances of the unprecedented public health emergency of the Coronavirus. At the time Congressed passed the EPSLA and EFMELA many state governments had issued shut down orders requiring schools and workplaces to be closed and residents to remain home for their own safety except for essential activities.

8. In enacting this emergency legislation, Congress did not enact a prospective date as Congress' intent was for the laws to have immediate effect.

9. During the 12-month period prior to April 2020, Defendant employed Plaintiff for at least 1,250 hours of service.

10. Defendant employed fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of 2019 and/or 2020.

11. Defendant is a company with less than 500 employees and is thus subject to the FFCRA.

12. Defendant was not eligible for an exemption under the FFCRA, having 50 or more employees, and indeed, did not seek or obtain and exemption.

13. In April 2019, Plaintiff was hired to work for Defendant as an Assistant Manager and worked under Garret Mitchell, Manager.

14. On March 21, 2020, Plaintiff's store closed due to Coronavirus.

15. Plaintiff transferred to another store location where she was working under Yanley "Nelly" Hernandez.

16. Plaintiff is a mother of three (3) children.

17. On March 27, 2020 Plaintiff received a message form the Board of Education that her children's school will remain closed due to the Coronavirus per the Governor's orders and all children will continue online learning at home

18. On or about April 2020, Plaintiff requested to discuss her options with Defendant as her children were unable to physically go to school and they were forced to continue their education at home and online.

19. On April 8, 2020, Plaintiff received, completed and returned her "Emergency Sick and FMLA Request Form" to Ms. Hernandez requesting leave from April 10, 2020 to June 1, 2020 to care for her children during the school closure.

20. Ms. Hernandez approved Plaintiff's leave.

21. A request for FFCRA leave is protected activity under the FFCRA.

22. Defendant also indicated further guidance would be sent out regarding taking leave under the FFCRA, but Plaintiff did not receive any correspondence.

23. On or about May 20, 2020, while still out on protected leave, Defendant terminated Plaintiff.

24. Defendant failed to provide Plaintiff with a reason for termination, nor did it follow its typical discipline processes.

25. Plaintiff immediately called Human Resources and spoke with Robin Robinson to find out why she was terminated and by whom. Ms. Robinson informed Plaintiff she did not know why she was terminated, but she could not be fired as Plaintiff was still on medical leave.

26. Plaintiff further was informed that a Supervisor, name unknown, signed off on the termination documents and allegedly resigned his/her employment from Defendant the very next day.

27. It is clear Defendant terminated Plaintiff for exercising or attempting to exercise her rights under the FFCRA.

28. Plaintiff has been damaged by Defendant's illegal conduct.

29. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
### Family and Medical Leave Act/Families First Coronavirus Response Act/ Emergency Paid Sick Leave Act Interference

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

31. The FFCRA did not set forth new notice, anti-retaliation or non-interference provisions because it was enacted as an amendment to the FMLA thus, all of the FMLA notice requirements and prohibitions on retaliation and interference apply to employees seeking leave under the FFCRA/EFMLEA.

32. Defendant is a company with less than 500 employees and is thus subject to the FFCRA.

33. Plaintiff was eligible for sick leave and paid leave under the FFCRA.

34. Plaintiff requested leave because she perceived she was unable to work because of a bona fide need to care for her children (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to the Coronavirus.

35. Defendant interfered with Plaintiff's lawful exercise of her FFCRA rights.

36. Defendant's conduct was willful, and Defendant intended to deprive Plaintiff of rights under the FFCRA.

37. Defendant willfully interfered with and punished Plaintiff for exercising her FFCRA rights.

38. Defendant illegally terminated Plaintiff in violation of the FFCRA.

39. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

40. Plaintiff was injured due to Defendant's willful violations of the FFCRA, to which she is entitled legal relief.

## Count II:
### Family and Medical Leave Act/Families First Coronavirus Response Act/ Emergency Paid Sick Leave Act Retaliation

41. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-29 above.

42. The FFCRA did not set forth new notice, anti-retaliation or non-interference provisions because it was enacted as an amendment to the FMLA thus, all of the FMLA notice requirements and prohibitions on retaliation and interference apply to employees seeking leave under the FFCRA/EFMLEA.

43. Defendant is a company with less than 500 employees and is thus subject to the FFCRA.

44. Plaintiff was eligible for sick leave and paid leave under the FFCRA.

45. Plaintiff requested leave because she was unable to work because of a bona fide need to care for her children (under 18 years of age) whose school or childcare provider was closed or unavailable for reasons related to the Coronavirus.

46. Plaintiff was terminated as a result of her protected activity.

47. Defendant unlawfully retaliated and otherwise discriminated against Plaintiff for exercising or attempting to exercise her FFCRA rights.

48. Defendant's conduct was willful, and Defendant intended to deprive Plaintiff of her rights under the FFCRA.

49. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

50. Plaintiff was injured due to Defendant's willing violations of the FFCRA, to which Plaintiff is entitled legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
North Carolina Bar # 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*